Matter of Naccarato (2024 NY Slip Op 04818)

Matter of Naccarato

2024 NY Slip Op 04818

Decided on October 03, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Jeffrey K. Oing,J.P.,
Barbara R. Kapnick
Ellen Gesmer
Bahaati E. Pitt-Burke
Kelly O'Neill Levy, JJ.

Motion No. 2024-03548 Case No. 2023-04735 

[*1]In the Matter of John Naccarato, A suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, John Naccarato, (OCA Atty. Reg. No. 2651958) Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, John Naccarato, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on March 15, 1995.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Louis J. Bara, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent John Naccarato was admitted to the practice of law in the State of New York by the Second Judicial Department on March 15, 1995. Respondent's last registered business address was in the First Judicial Department.
By order entered November 28, 2023, in accordance with (22 NYCRR) the Rules for Attorney Disciplinary Matters § 1240.9(a)(1) and (3), this Court immediately suspended respondent from the practice of law until further order of this Court, based on his failure to answer a complaint and failure to appear before the Attorney Grievance Committee (AGC) for a deposition as directed by judicial subpoena (Matter of Naccarato, 222 AD3d 32 [1st Dept 2023]). Respondent, who was personally served with the motion to suspend at his residential address in accordance with CPLR 308(2), did not submit a response to the motion.
The AGC served respondent with notice of entry and a copy of the order of suspension by email and by first class mail and certified mail return receipt requested at his residential address. The certified mailing was returned as "not deliverable," but the first-class mailing was not returned.
The AGC's prior notice of motion to suspend contained the following notice:
"PLEASE TAKE FURTHER NOTICE, that pursuant to 22 NYCRR
§ 1240.9(b), an attorney who is suspended under § 1240.9(a) and
who has failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension may be disbarred by the Court without further notice."
The AGC now seeks an order disbarring respondent under 22 NYCRR 1240.9(b) on the ground that he was immediately suspended under 22 NYCRR 1240.9(a)(1) and (3) and has neither responded to nor appeared for further investigatory or disciplinary proceedings within six months of the date of his suspension. The AGC served respondent with the current motion to disbar by certified and priority mail at the residential address where he was previously served with the motion to suspend. Respondent has not submitted a response.
Accordingly, inasmuch as six months have elapsed since the Court's November 28, 2023 suspension order and respondent has neither responded to nor appeared for further investigatory or disciplinary proceedings, the Committee's motion for an order disbarring respondent in accordance with 22 NYCRR 1240.9(b) should be granted and his name stricken from the roll of attorneys [*2]in the State of New York, effective immediately (Matter of Tessler, 223 AD3d 102 [1st Dept 2024]; Matter of Meettook, 213 AD3d 151 [1st Dept 2023]; Matter of Greenblum, 207 AD3d 101 [1st Dept 2022]; Matter of Meltzer, 201 AD3d 28 [1st Dept 2021]).
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for an order pursuant to 22 NYCRR 1240.9(b) disbarring respondent John Naccarato is granted, and respondent is disbarred, effective the date hereof, and respondent's name is stricken from the roll of attorneys and counselors-at-law; and
It is further Ordered that, pursuant to Judiciary Law § 90, respondent John Naccarato is commanded to desist and refrain from (1) practicing law in any form, either as a principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent John Naccarato shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent John Naccarato has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: October 3, 2024